United States District Court
Southern District of Texas
FILED

MAY 14 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **WALTER RULL II,** | § | |
| | § | |
| Plaintiff | § | |
| | § | C.A. NO. **B-04-086** |
| vs. | § | |
| | § | |
| **INDEPENDENT FISH CO., INC. and** | § | Pursuant to Rule 9(h) of |
| **JACK G. CARINHAS, JR.** | § | the Federal Rules of Civil |
| | § | Procedure – ADMIRALTY |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **WALTER RULL II**, Plaintiff, complaining of **INDEPENDENT FISH CO., INC. and JACK G. CARINHAS, JR.**, hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. This claim is maintained under the Jones Act, 46 U.S.C., Section 688, et seq., and the general maritime law of the United States of America. This court has jurisdiction under 28 U.S.C. § 1333(1) and 28 U.S.C. §§ 1331.

2. Venue is proper as all the Defendants reside in the Southern District of Texas and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## II. PARTIES

3. Plaintiff is a citizen of the United States of America and resides in Mission, Texas.

4. Defendant, INDEPENDENT FISH COMPANY, INC., is a Texas corporation and may be served with Plaintiff's Original Petition by serving its registered agent Jack G. Carinhas, Jr. at 302 Kings Highway, Ste. 109, Brownsville, Texas 78521.

5. Defendant, JACK G. CARINHAS, JR., a citizen of the State of Texas, and may be served with Plaintiff's Original Petition by serving him at 302 Kings Highway, Ste. 109, Brownsville, Texas 78521.

## III. JONES ACT AND GENERAL MARITIME LAW
## CAUSE OF ACTION

6. Plaintiff's claims against Defendants are maintained under the Jones Act, U.S.C., § 688(a), et seq., and the general maritime law of the United States of America.

7. At all material times Defendants were the owners and/or operators of the F/V *Mission Lady*, a vessel operating in navigable waters.

8. At all material times, Plaintiff was aboard the vessel as an employee of Defendants, and was acting within the course and scope of his employment as a seaman.

9. On or about October 30, 2001, Plaintiff was working in the course and scope of his employment with Defendants. At all times material, Plaintiff was a seaman aboard the F/V *Mission Lady*, a vessel owned and/or operated by Defendants. On that date Plaintiff sustained serious and painful injuries to his right groin in general and particularly to his right testicle while working aboard the F/V *Mission Lady* in the course and scope of his employment.

10. The incident made the basis of this lawsuit and the injuries sustained by Plaintiff were legally caused and/or proximately caused by the negligent acts and/or omissions of Defendants, their agents, servants and/or employees and/or by the unseaworthiness and unsafe condition of the vessel F/V *Mission Lady* and/or its appurtenances, or equipment.

### IV. DAMAGES

11. Plaintiff has incurred substantial damages as a result of the incident described above. There are certain elements of damages, provided by law, that Plaintiff is entitled to have considered separately to determine the sum of money that will fairly and reasonably compensate him for the injuries, damages and losses he has and will incur.

12. From October 30, 2001, until the time of trial of this cause, those elements of damage which should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are:

   a. The physical pain that the plaintiff has suffered;
   b. The mental anguish that the plaintiff has suffered;

  c. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries; and

  d. The damages resulting from the physical impairment suffered by the Plaintiff.

13. Plaintiff would show that in the reasonable probability his injuries and damages would continue into the future. Plaintiff's future losses, from the date of the trial and beyond include:

  a. The physical pain that Plaintiff will suffer in the future;

  b. The mental anguish that Plaintiff will suffer in the future;

  c. The reasonable value of the medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries after trial; and

  d. The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future.

14. The total of Plaintiff's damages, both past and future, exceed $200,000.00. These damages were legally caused by the Defendants.

## V. MAINTENANCE AND CURE

15. Plaintiff further states that Defendants refused to pay him proper maintenance and cure benefits. Defendants' failure to pay these benefits was both unreasonable and capricious and arbitrary. Plaintiff states that in addition to full maintenance and cure benefits, he is entitled to full tort damages as a result of Defendants' unreasonable failure to pay maintenance and cure. Plaintiff states that arbitrary and capricious refusal of the Defendants to make maintenance payments to him and/or to contribute necessary funds to provide him with adequate cure shows a willful and wanton disregard for the Plaintiff's well-being for which Defendant is punitively liable to him. For these reasons, Plaintiff would show that he is entitled to full maintenance and cure benefits, to full tort damages for unreasonable failure to pay maintenance and cure, and to attorney fees. Plaintiff's damages for this cause of action exceed $100,000.00.

## VI. 9(h) ELECTION

16. Plaintiff makes a 9(h) election to try this case in admiralty to the Court rather than to a jury.

## VII. PRAYER

WHEREFORE, Plaintiff prays that citation be issued and served upon Defendants in the form and manner prescribed by law, requiring that Defendants appear and answer herein, that upon final hearing hereon, Plaintiff have judgment against Defendants for a total in excess of $300,000.00, pre-judgment interest as allowed by law, post judgment interest; all costs of court; and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**OGLETREE ABBOTT LAW FIRM, LLP**

**MANUEL GONZALES**
TBA No, 24032238
Federal Admission No. 31634
12600 Featherwood, Suite 200
Houston, TX 77034
(713) 910-1234- telephone
(281) 922-7228- facsimile

Attorneys for Plaintiff