

United States District Court
Southern District of Texas
FILED

JUL 1 3 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WALTER RULL II | § | |
| | § | C.A. NO. B-04-086 |
| V. | § | |
| | § | Pursuant to Rule 9(h) of |
| INDEPENDENT FISH CO., INC. and | § | of the Federal Rules of Civil |
| JACK G. CARINHAS, JR. | § | Procedure - ADMIRALTY |

### DEFENDANTS' ORIGINAL ANSWER
### TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, DEFENDANTS, INDEPENDENT FISH CO., INC. and JACK G. CARINHAS, JR., (hereinafter collectively referred to as "Defendants") Defendants in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Complaint, and would respectfully show this Honorable Court the following:

### I.
### PRELIMINARY SPECIAL DEFENSES

1. Plaintiff's Original Complaint fails to state a claim or cause of action upon which relief can be granted against Defendants.

2. Defendants reserve the right to set up additional special defenses after further information concerning the Plaintiff's Original Complaint has been obtained.

### II.
### ANSWER

3. Paragraph 1 of Plaintiff's Original Complaint contains jurisdiction and legal recitations to which Defendants are not required to respond. However, should the Court require a response, Defendants admit that Plaintiff alleges a Jones Act claim under the general maritime law of the United States of America.

4. Paragraph 2 of Plaintiff's Original Complaint contains legal recitations to which Defendants are not required to respond. However, should the Court require a response, Defendants admit that Defendants reside and/or maintain a place of business in the Southern District of Texas.

5. Defendants deny the truth of the allegations contained in Paragraph 3 of Plaintiff's Original Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

6. Defendants admit that they are a Texas Corporation and/or citizen of the State of Texas as alleged in Paragraphs 4 and 5 of Plaintiff's Original Complaint. The remaining allegations contained in Paragraphs 4 and 5 of Plaintiff's Original Complaint contain legal recitations to which Defendants are not required to respond.

7. Defendants admit Plaintiff has brought suit pursuant to 46 U.S.C. §688(a), and pursuant to the admiralty and general maritime laws of the United States as alleged in Paragraph 6 of Plaintiff's Original Complaint.

8. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

9. Defendants admit that on or about October 30, 2001, Plaintiff was employed by Defendants and was a seaman aboard the vessel F/V MISSION LADY as alleged in Paragraph 8 of Plaintiff's Original Complaint.

10. Defendants admit that on or about October 30, 2001, Plaintiff was employed with Defendants and was a seaman aboard the F/V Mission Lady as alleged in Paragraph 9 of Plaintiff's Original Complaint. Defendants further admit that it owned and/or operated the F/V Mission Lady as alleged in Paragraph 9 of Plaintiff's Original Complaint. Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Original Complaint.

11. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

12. Defendants deny the allegations contained in Paragraphs 11, 12, 13, and 14 of Plaintiff's Original Complaint.

13. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

14. Paragraph 16 of Plaintiff's Original Complaint contains legal recitations to which Defendants are not required to respond. However, should the Court require a response, Defendants admit that Plaintiff asserts a 9(h) election.

15. Defendants deny that Plaintiff is entitled to any relief sought in his Original Complaint.

## III.
## AFFIRMATIVE DEFENSES

For further answer, if further answer is necessary, Defendants plead the following alternative affirmative defenses.

16. If this Court should find that the Plaintiff sustained injury as alleged, which is not admitted but is specifically denied, said injury was caused solely by Plaintiff's own fault and misconduct for which he can have no recovery herein.

17. In the alternative, Defendants plead that if this Court should find that Plaintiff sustained injury as alleged, which is not admitted but is specifically denied, said injury was contributed to by Plaintiff's own negligence and misconduct. Defendants herein specifically plead Plaintiff's comparative negligence and mitigation of damages, and Defendants are entitled to have any award made to Plaintiff mitigated and reduced accordingly.

18.  Defendants, in the alternative, plead that Plaintiff's damages, if any, which damages are specifically denied, were caused prior to and/or subsequent to the alleged incident complained of herein, for none of which damages can Defendants in any way be held responsible or liable.

19.  Defendants plead in the alternative that if Plaintiff sustained any damage, which is specifically denied, said damages were caused by the negligence of others and/or the unseaworthiness of other vessels, for none of which can Plaintiff have any recovery herein against Defendants.

20.  Defendants aver that as a separate and distinct defense that the amount of damages awarded herein, if any, exceed the value of the vessel in question and/or the freight then pending, if any. Defendants to the extent they may be found to have an interest in the vessel in question, invoke certain provisions of the Revised Statutes of the United States and the acts amendatory thereof, including 46 U.S.C. §§ 181-189 concerning limitation of liability of shipowners.

21.  Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants assert that if Plaintiff did sustain any injuries as is alleged in his Original Complaint, said injuries arose out of certain risks, danger and hazards, all of which were plainly observable, open, obvious and well known to the Plaintiff on or before the time of his alleged injury and all of said risks, dangers and hazards were assumed by Plaintiff, and Defendants are not liable therefor.

22.  Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants assert that no unseaworthy condition existed aboard the vessel F/V MISSION LADY that caused or contributed to Plaintiff's alleged injury.

23.  Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants assert that the injuries complained of, which are not admitted but

expressly denied, were the result of new, independent or intervening causes.

24. Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants allege that, if Plaintiff was injured in the manner asserted, in whole or in part, the same was brought about as a result of an unavoidable accident.

25. Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants assert that Plaintiff's injuries and damages are the result of a pre-existing or subsequently occurring bodily condition or conditions, which are unrelated to the incident and occurrence sued upon herein, and the nature and extent of which are not the responsibility of Defendants. Defendants further assert that the injuries and damages sustained by Plaintiff are the result of natural bodily processes, diseases and conditions, which are unrelated to the alleged acts, omissions and/or practices of Defendants which Plaintiff claims proximately caused his condition. In the alternative, should the Court find Defendants liable, Defendants are entitled to a credit or offset for all damages attributable to such pre-existing injuries.

26. Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants assert that if Plaintiff was damaged as alleged, such damages, if any, were proximately caused or occasioned by the acts, omissions or contributory negligence, products liability, breach of contract, breach of warranty or other legal liability of third parties, their agents or representatives, or by the instrumentalities of third parties for whom Defendants are not liable. Defendants allege that, if Plaintiff was injured in the manner asserted, in whole or in part, the same was brought about as a result of the negligent acts or omissions, or breaches of duty of third parties not under the control of Defendants.

27. Defendants allege that an award of punitive damages in this matter would violate Defendants' Constitutional rights preserved under both the United States and Texas Constitutions.

28. Subject to, and without waiving any other defenses, for further Answer and as a separate defense, Defendants assert that if Plaintiff has received payments from his employer for maintenance or cure, Defendants are entitled to an offset against any amounts that may be awarded for maintenance and cure for said payments.

29. Defendants reserve the right to allege any further separate or affirmative defenses to Plaintiff's Original Complaint.

**WHEREFORE, PREMISES CONSIDERED**, DEFENDANTS, INDEPENDENT FISH CO., INC. and JACK G. CARINHAS, JR., respectfully pray that Plaintiff's Original Complaint against INDEPENDENT FISH CO., INC. and JACK G. CARINHAS, JR. be dismissed in its entirety with prejudice, that INDEPENDENT FISH CO., INC. and JACK G. CARINHAS, JR. be awarded their costs and attorney's fees, and all such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted:

By: _____
Timothy W. Strickland
Attorney-in-Charge
State Bar No. 19396298
Fed. I.D. No. 1380
4 Houston Center
1331 Lamar Street, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930

**OF COUNSEL:**

**FOWLER, RODRIGUEZ & CHALOS**
Stacey T. Norstrud
State Bar No. 24025363
4 Houston Center
1331 Lamar Street, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930

*Attorneys for Defendants,*
*INDEPENDENT FISH CO., INC. and*
*JACK G. CARINHAS, JR.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Answer to Plaintiff's Original Complaint has been forwarded to all known counsel of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this ___ day of July 2004.

*Via Certified Mail/RRR and/or*
*Facsimile Transmission to:*

Mr. Manuel Gonzales
Ogletree Abbott Law Firm
12600 N. Featherwood, Suite 200
Houston, Texas 77034

*Attorneys for Plaintiff,*
*WALTER RULL II*

_____
Timothy W. Strickland