\ \

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 1 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **WALTER RULL II,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **C.A. NO. B-04-086** |
| | § | |
| **INDEPENDENT FISH CO., INC. and** | § | Pursuant to Rule 9(h) of |
| **JACK G. CARINHAS, JR.** | § | the Federal Rules of Civil |
| | § | Procedure – ADMIRALTY |
| **Defendant** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Counsel for Plaintiff files this joint report of meeting and joint discovery/case

management plan, pursuant to Fed. R. Civ. P. Rule 26(f), as follows:

1.      State where and when the meeting of the parties required by Rule 26(f) was held, and
        identify the counsel who attended for each party.

        **ANSWER**:

        The meeting took place on July 14, 2004 via email and facsimile exchanges.

2.      List the cases related to this one that are pending in any state or federal court, with the
        case number and court.

        **ANSWER**:

        None.

3.      Briefly describe what the case is about.

**ANSWER**:

This is a Jones Act personal injury case. On or about October 30, 2001,

Plaintiff was working in the course and scope of his employment with

Defendants. At all times material, Plaintiff was a seaman aboard the F/V

Mission Lady, a vessel owned and/or operated by Defendants. Plaintiff

alleges that he sustained an injury to his right groin/testicle while working in the

course and scope of his employment about the F/V Mission Lady.

4.    Specify the allegation of federal jurisdiction.

**ANSWER**:

This court has jurisdiction under 28 U.S.C. §§ 1333(1).

5.    Name the parties who disagree and the reasons.

**ANSWER**:

None

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER**:

None.

7.    List anticipated interventions.

**ANSWER**:

None.

8.    Describe class-action issues.

**ANSWER**:

None.

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER**:

Plaintiff and Defendant will make their initial disclosures within 2 weeks.

10.    Describe the proposed agreed discovery plan, including:

A.     Responses to all the matters raised in Rule 26(f).

**ANSWER**:

1.     There is no need for changes made in the timing, form or requirements for disclosures under Rule 26(a).

2.     There are no changes needed regarding limitations on discovery in this case.

3.     No orders need to be issued pursuant to Rule 26(c) or Rule 16(b) and (c) other than the order this Court typically enters at its scheduling conference.

B.     When and to whom the plaintiff anticipates it may send interrogatories.

**ANSWER**:

Plaintiff's anticipates sending interrogatories to the Defendant by 9/01/04.

C.     When and to whom the defendants anticipate they may send interrogatories.

**ANSWER**:

Defendants will be sending formal interrogatories and requests for production on or before July 30, 2004.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

**ANSWER**:

Plaintiff anticipates deposing employees of the Defendant, including witnesses with knowledge about liability and damage issues. It is currently unknown who or how many such witnesses will be deposed. Plaintiff also will depose his treating physicians, experts and Defendant's experts. Plaintiff anticipates concluding these depositions by 11/30/04.

E.  Of whom and by when the defendant anticipates taking oral depositions.

**ANSWER**:

Defendants anticipate taking plaintiff's deposition on or before Sept. 15, 2004 and any additional fact witnesses, including plaintiff's treating physicians with 120 days.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(s)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER**:

Plaintiff will designate experts by 11/15/04.

Defendant will designate experts 30 days after Plaintiff has designated experts.

G.  List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**ANSWER**:

Plaintiff anticipates deposing Plaintiff's treating physicians and defendant's experts. It is anticipated that the completion dates for these depositions will be 12/30/04.

H.  List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**ANSWER**:

Defendant will depose plaintiff's treating physicians and any other designated expert with 60 days after the experts are designated and reports produced.

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER**:

Plaintiff and Defendant agree with the proposals.

4

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER**:

Plaintiff is in the process of drafting Interrogatories and Request for Production.

13.    State the date the planned discovery can reasonably be completed.

**ANSWER**:

1/30/04

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER**:

The parties are attempting to resolve the matter.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER**:

The parties have exchanged relevant documentation to assist in evaluating the claim and that they have engaged in active settlement negotiations.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

**ANSWER**:

Mediation – January 2005

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER**:

Plaintiff objects to trial before a magistrate.

18.    State whether a jury demand has been made and if it was made on time.

**ANSWER**:

No.


19.    Specify the number of hours it will take to present the evidence in this case.

**ANSWER**:

Plaintiff believes the evidence can be presented in 16 to 24 hours of testimony.


20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER**:

None.

21.    List other motions pending.

**ANSWER**:

None.


22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**ANSWER**:

None at this time.


23.    Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosures of Interested Parties, listing the date of filing for original and any amendments.

**ANSWER**:

Plaintiff filed Disclosures of Interested Parties on or about June 8, 2004.  Defendants has filed Disclosures of Interested Parties on July 12, 2004.

24.    List the names, bar numbers, addresses, and telephone numbers of all counsel.

**ANSWER**:

Manuel Gonzales
Texas Bar No. 24032238
Federal Admission No. 31634
OGLETREE ABBOTT LAW FIRM, L.L.P.
12600 Featherwood, Suite 200
Houston, Texas  77034
713-910-1234 - Phone
713-910-9010 - Fax
ATTORNEYS FOR PLAINTIFF

**TIMOTHY STRICKLAND**
Attorney-in-Charge
State Bar No. 19396298
Fed. I.D. No. 1380
4 Houston Center
1331 Lamar Street, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930
**ATTORNEY FOR DEFENDANT**

Respectfully submitted,

**OGLETREE ABBOTT LAW FIRM, L.L.P.**

By:

**MANUEL GONZALES**
TBA No. 24032238
Federal Admission No. 31634
12600 Featherwood, Suite 200
Houston, TX 77034
(713) 910-1234- telephone
(281) 922-7228- facsimile
ATTORNEY FOR PLAINTIFF

By:

7

**TIMOTHY STRICKLAND**
Attorney-in-Charge
State Bar No. 19396298
Fed. I.D. No. 1380
4 Houston Center
1331 Lamar Street, Suite 1560
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930
ATTORNEY FOR DEFENDANT